IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NationsRent, Inc., *et al.,* [1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 01-11628 through 01-11639 (PJW)<br><br>Jointly Administered |
| NationsRent Unsecured Creditor's Liquidating Trust, Perry Mandarino, not personally, but as Trustee<br><br>Plaintiff,<br><br>v.<br><br>World Wide Welding,<br><br>Defendant. | Civil Action Number: 04-1103 (***) |

**MOTION TO DISMISS PURSUANT TO RULE 41(a)(2)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Perry Mandarino, Trustee (the "Trustee") of the NationsRent Unsecured Creditors' Liquidating Trust (the "Creditor Trust"), by and through its counsel, hereby moves (the "Motion") to dismiss the above-referenced case pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (the "Federal Rules") and in support hereof respectfully states as follows:

**Background**

1. On December 17, 2001, NationsRent, Inc. and eleven of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] NationsRent USA, Inc., NationsRent Transportation Services, Inc., NR Delaware, Inc., NRGP, Inc., NationsRent West, Inc., Logan Equipment Corp., NR Dealer, Inc., NR Franchise Company, Inc., NationsRent of Texas, LP, and NationsRent of Indiana, LP

2. By order dated May 14, 2003 [Docket No. 2151] (the "Confirmation Order"), the Court confirmed the First Amended Joint Plan of Reorganization of NationsRent, Inc. and Its Debtor Subsidiaries [Docket No. 1824] (the "Plan").[1] On June 13, 2003, the Plan became effective in accordance with its terms, and the Debtors emerged from chapter 11 as reorganized entities.

3. Pursuant to Section IV.K of the Plan, the Creditor Trust was formed to, *inter alia,* pursue all Unresolved Avoidance Actions (against parties not released under the Plan) and the Retained Actions and all Unresolved Avoidance Action recoveries (against parties not released under the Plan) and recoveries on account of the Retained Actions.

4. On December 12, 2003, the Trustee commenced the above-referenced case by filing the Adversary Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. Sections 547 and 550 (the "Complaint") against World Wide Welding (the "Defendant") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. On March 10, 2004, the Defendant filed an answer (the "Answer") to the Complaint. In the Answer, the Defendant did not assert any counterclaims against the Trustee.

6. On August 24, 2004, the United States District Court for the District of Delaware (the "District Court") withdrew the reference of the adversary proceeding, and the Case was transferred to District Court.

7. Thereafter, the Trustee determined to dismiss the proceeding. The Trustee made attempts in March, July and August of 2006 and March of 2007 to contact the

---

[1] Capitalized terms not defined herein shall have the meanings given to such terms in the Plan.

Defendant through correspondence to Defendant's counsel in order to obtain a stipulation of dismissal. However, the attempts were never answered by the Defendant.

8. On February 22, 2007, an order was entered scheduling a teleconference in this case for March 19, 2007 and requiring Defendant's participation. The order was served on Defendant's counsel. However, the Defendant did not participate in the teleconference.

9. On March 20, 2007, an order was entered scheduling a teleconference in this case for April 18, 2007 and requiring Defendant's participation. The order also stated for the benefit of the Defendant that, "failure to participate in this teleconference may result in the denial of your claims or requests for relief in the above actions and a dismissal of the above actions without further notice or hearing." The order was served on Defendant's counsel. However, the Defendant did not participate in the teleconference.

**Relief Requested**

10. The Trustee requests the entry of an order dismissing the above-referenced case pursuant to Federal Rule 41(a)(2).

**Basis for Relief Requested**

11. Federal Rule 41(a)(2) provides:

> [e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

FED. R. CIV. P. 41(a)(3).

12. The Trustee determined to dismiss the case and sent correspondence to Defendant's counsel requesting the execution of a stipulation of dismissal. The Defendant ignored the Trustee's requests to stipulate to a dismissal and ignored orders of this Court requiring the Defendant's participation in status conferences to discuss the Trustee's proposed dismissal. The Defendant filed no counterclaim against the Trustee. The absence of a counterclaim and the Defendant's failure to participate in the status conferences ordered by the Court warrant a dismissal of this case.

WHEREFORE, the Trustee requests that the Court grant the relief requested herein and such further relief as is just and proper.

Dated: June 6, 2007
Wilmington, Delaware

THE BAYARD FIRM

*/s/ Neil B. Glassman*
Neil B. Glassman, Esq. (No. 2087)
Ashley B. Stitzer, Esq. (No. 3891)
Mary E. Augustine, Esq. (No. 4477)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

- and -

LOWENSTEIN SANDLER PC
Paul Kizel, Esq.
Susan C. Greco-Ericksen, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone:    (973) 597-2500
Facsimile:    (973) 597-2400

Attorneys for NationsRent Unsecured
Creditors Liquidating Trust